IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN E. TARPLEY, #307-233, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil No. L-06-365 |
| | : | |
| CLERK JAMES REILLY, et al., | : | |
|     Defendants. | : | |

o0o

**MEMORANDUM**

Pending is Steven E. Tarpley's ("Tarpley") pro se 42 U.S.C. § 1983 Complaint and supplement thereto. Tarpley has also requested appointment of counsel. For the reasons stated below, the Court will, by separate Order, dismiss the Complaint without requiring service of process on Defendants and deny Tarpley's request for appointment of counsel.

**I.    BACKGROUND**

Tarpley is a state prisoner. He complains that state court judges in both the Harford County, Maryland, Circuit and District Courts conspired with the Court Clerks to violate his constitutional rights. Specifically Tarpley alleges that Defendants failed to provide him a transcript and other records of his state court proceedings in a timely fashion. He further alleges that he was denied a timely hearing by the state courts. Plaintiff requests appointment of counsel, punitive damages, and removal of pending state post-conviction proceedings to this Court. Docket No. 4.

**II.    ANALYSIS**

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1)[1] is a discretionary one and may be considered where an indigent claimant presents exceptional

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

circumstances.  See Cook v. Bounds, 518 F.2d 779, 779 (4th Cir. 1975); see also Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).  The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant.  See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

The Court finds from its review of the Complaint that Tarpley is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, the Court concludes that Tarpley's complaint is not of undue complexity. Therefore, in the exercise of its discretion, the Court shall deny the request for appointment of counsel.

Because he appears indigent Plaintiff has been granted leave to proceed in forma pauperis, pursuant to 28 U.S.C. §1915(a).  Docket No. 7.  Upon review of his Complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e).  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Denton v. Hernandez, 504 U.S. 25, 32 (1992); Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996); Nasim v. Warden, 64 F.3d 951, 955 (4th Cir. 1995).

The primary legal issue in this case is whether the named Defendants are immune from suit. Under Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982), the defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit."  Judges are entitled to such immunity.   See Stump v. Sparkman, 435 U.S. 349 (1978).  Court clerks enjoy derivative absolute immunity when they are acting in obedience to a judicial order or under the court's direction.  See  McCray v. Maryland 456 F.2d 1, 5 (4th Cir. 1972).  Given Tarpley's factual allegations, the Defendants are immune from suit and his Complaint against them must be dismissed.

Tarpley's claim of conspiracy amongst Defendants is speculative and conclusory and likewise subject to dismissal.  See Boddie v. Schnieder, 105 F.3d 857, 862 (2nd Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted);  Langworthy v. Dean, 37 F. Supp.2d 417, 424-25 (D. Md. 1999).

To the extent that Tarpley seeks mandamus relief with respect to actions taken by the state courts, that relief is unavailable.  This Court has no jurisdiction to issue a writ of mandamus commanding a state court to entertain or otherwise rule on a motion.  See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); see also 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted.  See In re Beard, 811 F.2d 818, 826 (4th Cir.1987). The available remedy with respect to Tarpley's disagreement with orders issued by the state courts is an appeal.

### III.   CONCLUSION

For the reasons stated herein, the Court will, by separate Order, dismiss Tarpley's Complaint and deny his request for appointment of counsel.  Tarpley is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

Dated this 11th day of July, 2007.

                                                  /s/
                                             Benson Everett Legg
                                             Chief Judge